IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| MOHAMMED ABDUL MAHKRI, an individual | ) | Case No. 20-20518 |
| Debtor. | ) | Chapter 7 |
| | ) | |
| PARENT PETROLEUM, INC., | ) | |
| | ) | Adversary No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Honorable Judge |
| | ) | Janet Baer |
| MOHAMMED ABDUL MAHKRI, an individual, | ) | |
| | ) | |
| Defendant. | ) | |

**ADVERSARY COMPLAINT AND OBJECTION TO DISCHARGE UNDER 11 U.S.C. SECTION 727(a)(4)(a) and 727(a)(5)**

NOW COMES Parent Petroleum, Inc., and a creditor of debtor's estate, by and through its attorneys, Sullivan Hincks & Conway, and pursuant to §727(a)(4)(a) and §727(a)(5) of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §101 et seq. (The "Bankruptcy Code") and Fed.R.Bankr.P. 7003, for its Complaint against the debtor, states as follows:

**Jurisdiction**

1. This Court has jurisdiction over the issues presented in this Complaint pursuant to 28 U.S.C. §1334(b) and Title 28 of the United States Code and Rule 2.33 of the United States District Court for the Northern District of Illinois.

2. Venue is proper pursuant to 28 U.S.C. §§1391 and 1409(a) as this action is related to debtor's bankruptcy proceeding.

1

3.      This matter is a core proceeding under 28 U.S.C. §157(b)(2).

## Parties

4.      The Plaintiff, Parent Petroleum, Inc. . ("Parent"), is an Illinois corporation.

5.      The Defendant, Mohammed Abdul Mahkri, is an individual residing in DuPage County, Illinois at all times relevant to this Complaint.

## Background

6.      This Adversary Complaint and Objection to Discharge is brought pursuant to 11 U.S.C. § 727(a) for the purpose of objecting to and contesting the dischargeability of Debtor's obligation to Parent established pursuant to judgment entered against the Debtor in favor of Parent.

7.      On April 26, 2018 Parent filed its Complaint in the Circuit Court of DuPage, Illinois against Mohammed Abdul Mahkri, and his corporation Three Brothers Petroleum, Inc. related to a Promissory Note executed by the Debtor and related to deliveries of fuel that were made to the Debtor's gas stations that he owned and operated.

8.      On November 20, 2020, the Debtor filed the instant bankruptcy petition.

9.      The Debtor owned and operated many gas station businesses throughout Illinois and shares the same name with his brother, Mohammed A Mahkri.

10.      A meeting of creditors has been scheduled for December 21, 2020 at 11:30 a.m.

## Count I: Debtor Knowingly Made a False Oath Under §727(a)(4)(A)

11. Parent re-alleges and re-pleads paragraphs 1 through 10 herein as part of this Count I.

12. Debtor has filed schedules that mis-state his assets and income.

13. Debtor made several mis-statements under oath in his schedules. Primarily at Form 101, Part I, #4 (he has used at least three business but claims otherwise in his answer); #16 (claims his debts are primarily consumer debts but his largest creditor is Parent Petroleum related to the operations of his three businesses); In Schedule A/B Property at number 19 (claims he does not own stock in any corporation but was the sole owner of at least three corporations); At number 37 of Part 5 (claims he has no interest in any business related property but as an owner of at least three corporations this is objectively untrue).

14. Debtor made these claims under oath.

15. Debtor has not provided an adequate accounting of his ownership interest in Three Brothers Petroleum, Inc. d/b/a Max Mahkri; d/b/a Winfield Shell and Max Mahkri, and Winfield Citgo and Max Mahkri or any inventory and/or equipment.

16. The Debtor claims no interest in Three Brothers Petroleum, Inc. This claim is false.

17. During his time operating the three gas stations Parent Petroleum delivered fuel to the Debtor with a value of over $3,000,000 which the Debtor resold at this gas stations but never paid to Parent. The Debtor never accounts for the operation and ownership of these stations in his schedules and falsely claims no ownership in any entities.

18. In addition to delivering fuel, which was never paid for, Parent also advanced the sum of $125,000 to the Debtor as an advance on future earned rebates which the Debtor has never repaid or accounted for.

19. Parent also advanced to the debtor the sum of over $750,000 to assist the Debtor with financial woes he was having and the Debtor had falsely promised to repay Parent, which he never did.

20. Parent also loaned the Debtor the sum of $50,000 in exchange for the Debtor's promise to repay these funds. The Debtor falsely promised to repay Parent, which he never did.

21. The Debtor made no payments on the fuel delivered or the advanced rebates, loans and other sums provided by Parent and falsely promised to pay Parent without any intention of making any repayment.

22. § 727(a)(4)(A) of Title 11 of the Bankruptcy Code provides for the denial of a debtor's discharge if "the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account."

23. Upon information and belief, Debtor misrepresented the value of his ownership interests in Three Brothers Petroleum, Inc., d/b/a McLean BP, d/b/a Winnfield Shell, d/b/a Winfield Citgo, and doing business as Route 31 BP.

24. The Debtor has falsely represented the value of these entities and the status of the value of his stock or ownership interests in these entities and the equipment and inventory and business operations at the gas stations and entities.

25. 11 USCS § 727(a)(4)(A) is designed to ensure that the debtor provides reliable, dependable, or otherwise verifiable information for any party having an interest

in the proper administration of the debtor's bankruptcy estate. In re Gabriel A. Arcuri, Jr., 116 B.R. 873, 879 (Bankr. S.D.N.Y. 1990). A debtor has an affirmative duty to identify all assets, liabilities, and to answer all questions fully and with the utmost candor. Id. Creditors and those charged with the administration of the bankruptcy estate are entitled to a "truthful" statement of the debtor's financial condition. Id.

26. Upon information and belief, Debtor knowingly made a false representation concerning the dates in which he concluded conducting business, false statements about his ownership in the various entities, false statements about whether the entities still conduct business, false statements about the value of his ownership interest in these entities and did not provide an adequate disclosure pertaining to the whereabouts of any assets, inventory or equipment he owned upon his so-called termination of his business operations, with the intention of deceiving the bankruptcy court and his creditors.

27. Such information is pertinent to discovering the nature of Debtor's assets prior to the filing this bankruptcy action, and Parent is entitled to said information.

WHEREFORE, Plaintiff, Parent Petroleum, Inc. respectfully requests entry of an Order that the debtor's bankruptcy petition be dismissed pursuant to § 727(a)(4)(A) of the Bankruptcy Code, that the debtor be ordered to pay Parent the proper relief, be denied a discharge, or that the debt to Parent be deemed non-dischargeable, and for such other relief as this Honorable Court deems just.

### Count II: Failure to Explain Losses or Insolvency Under §727(a)(5)

28. Parent re-alleges and re-pleads paragraphs 1 through 27 herein as part of this Count II.

29. § 727(a)(5) of Title 11 of the Bankruptcy Code provides for the denial of a debtor's discharge if the debtor has failed to explain satisfactorily, before determination of denial of discharge, any loss of assets or deficiency of assets to meet the debtor's liabilities.

30. A false oath is material if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property. In re Bienek, 417 B.R. 133 (Bankr. D. Minn. 2009). False oath may consist of false statement or omission in debtor's schedule or statement of affairs or false statement by debtor at examination during proceedings. In re Irving, 27 B.R. 943 (Bankr. E.D.N.Y. 1983).

31. It is clear that Debtor falsely represented several ownership interests, on-going business, and the value of his ownership interests in several entities.

32. Furthermore, it is implausible that Debtor closed all of his business without retaining any inventory or equipment of any kind.

33. It is clear that Debtor made a false oath.

34. Debtor should not receive a discharge of his debts due to his failure to explain the loss of his assets.

WHEREFORE, Parent Petroleum, Inc. respectfully requests entry of an Order that the debtor's bankruptcy petition be dismissed for failure to adequately explain losses pursuant to § 727(a)(5) of Title 11 of the Bankruptcy Code, that the debtor be ordered to pay Parent the proper relief it secured in its initial judgment, and for such other relief as this Honorable Court deems just.

Respectfully submitted,
Parent Petroleum, Inc.

By: /s/ John J. Conway
One of Its Attorneys

John J. Conway
Sullivan Hincks & Conway
120 West 22nd Street, Suite 100
Oak Brook, IL 60523
Tel: (630) 573-5021
ARDC #6217597
johnconway@shlawfirm.com

7